OPINION
{¶ 1} Pursuant to a plea agreement, on October 2, 2001, Defendant pled guilty to unlawful sexual conduct with a minor, a fourth degree felony in violation of R.C. 2907.04(A). In exchange, the State recommended community control and agreed that Defendant's sexual offender status should be a sexually oriented offender. The trial court sentenced Defendant on November 16, 2001, to three years of community control sanctions and informed him that the court would impose a seventeen month prison sentence if he violated his community control. The court also declared Defendant a sexually oriented offender.
 {¶ 2} On November 2, 2004, a community control violation hearing was held. Defendant did not contest the merits of the alleged violation; that on September 2, 2004, he had pled no contest in Miami County to four counts of unlawful sexual conduct with a minor. The trial court found Defendant guilty of violating the conditions of his community control and revoked it. The court then imposed a seventeen month prison term, to be served consecutively to the sentence imposed for the Miami County offense.
 {¶ 3} Defendant timely appealed to this court from the revocation of his community control and the sentence imposed by the trial court. Defendant's appellate counsel filed an Anders brief, Anders v. California (1967), 386 U.S. 738, stating that he could not find any meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This matter is now ready for decision on the merits.
 {¶ 4} Defendant's appellate counsel has identified three potential issues for appeal, all dealing with the sentence the court imposed.
 {¶ 5} First, counsel points out that in order to overcome the presumption in favor of community control sanctions that applies to fourth and fifth degree felonies and instead impose a prison term for such offenses, the trial court must make certain findings required by R.C. 2929.13(B)(2)(a). A review of the record demonstrates that the trial court did that here. At the time it revoked Defendant's community control and imposed a prison term for the underlying offense, the trial court specifically found on the record that Defendant's Miami County offense was committed while Defendant was on community control, R.C. 2929.13(B)(1)(h), that a prison term is consistent with the purposes and principles of sentencing, and that Defendant is not amenable to an available community control sanction. R.C.2929.13(B)(2)(a). Thus, the trial court fully complied with R.C.2929.13(B) in sentencing Defendant for this fourth degree felony.
 {¶ 6} Next, counsel argues that in order to impose more than just the minimum authorized sentence, the trial court must make the specific findings required by R.C. 2929.14(B). Once again a review of the record demonstrates that the trial court did that. The court stated on the record at the time it sentenced Defendant that the shortest prison term would demean the seriousness of the offense and does not adequately protect the public. R.C.2929.14(B)(2). Thus, the court complied with R.C. 2929.14(B) in sentencing Defendant to more than just the minimum prison term.
 {¶ 7} Finally, counsel argues that the trial court could not order Defendant's sentence to be served consecutive to his Miami County sentence unless the court made the specific findings required by R.C. 2929.14(E)(4). Once again the record shows the court made the required findings. The court stated that consecutive sentences were necessary to protect the public and punish Defendant, and that consecutive sentences are not disproportionate to the seriousness of Defendant's conduct and to the danger that he poses to the public. The court also found that all three alternative findings in R.C. 2929.14(E)(4)(a)-(c) apply in this case. Specifically, the court found that Defendant's Miami County crime was committed while Defendant was under the sanction of community control, that the harm caused by Defendant is so great or unusual that a single term would not adequately reflect the seriousness of Defendant's conduct, and that Defendant's criminal history shows that consecutive terms are necessary to protect the public. Therefore, the court complied with R.C. 2929.14(E)(4) in imposing consecutive sentences.
 {¶ 8} In addition to reviewing the arguable issues raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
Brogan, P.J. And Wolff, J., concur.